IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NANCY CARSON, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. FILED: MAY 19, 2008 |
| | ) | 08 cv 2889    JH |
| GARDEN STATE LIFE INSURANCE COMPANY, | ) ) | JUDGE KENDALL |
| Defendant. | ) ) | MAGISTRATE JUDGE DENLOW |

## NOTICE OF REMOVAL

Defendant GARDEN STATE LIFE INSURANCE COMPANY ("Garden State"), by its attorneys, William A. Chittenden, III, Jennifer S. Stegmaier, and Chittenden, Murday & Novotny, LLC, in accordance with 28 U.S.C. §1446, submits this Notice of Removal for removal of this action from the Circuit Court of Cook County, Illinois, County Department, Law Division to the United States District Court for the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §1441(a). In support of its Notice of Removal, Defendant Garden State states as follows:

1. This civil action was filed on or about April 7, 2008, in the Circuit Court of Cook County, Illinois, County Department, Law Division, as Cause No. 2008 L 003797.

2. The Summons and Complaint at Law were first served on Garden State on April 25, 2008.

3. This Notice of Removal is being filed within thirty (30) days after the date that Garden State was first served with the Summons and Complaint setting forth Plaintiff's claim for relief.

4.　The action is a civil action of which this Court has original jurisdiction under 28 U.S.C. §1332 and Garden State is entitled to remove to this Court pursuant to 28 U.S.C. §1441(a) in that:

   a. Plaintiff Nancy Carson is and was at all relevant times a citizen and resident of the State of Illinois.

   b. Garden State is and was at all relevant times an insurance company duly organized and existing under the laws of Texas, with its principal place of business located in League City, Texas, and not the State of Illinois.

   c. Plaintiff's Complaint at Law seeks a total sum in excess of $75,000, exclusive of interest and costs.

5.　In accordance with 28 U.S.C. §1446(a), Garden City states that the following documents constitute all the process, pleadings and orders served upon it:

   a. Summons;

   b. Complaint at Law; and

   c. Jury Demand.

True and correct copies of the aforementioned documents are attached hereto and made a part hereof as Exhibits A, B and C, respectively.

6.　A true and correct copy of this Notice of Removal shall be filed with the Clerk of the Circuit Court of Cook County, Illinois in accordance with 28 U.S.C. §1446(d).

**DATED:**　**May 19, 2008.**

>　Respectfully submitted,
>
>　**GARDEN STATE LIFE INSURANCE COMPANY**
>
>　By:　s/William A. Chittenden
>　　　One of its Attorneys

William A. Chittenden, III
Jennifer S. Stegmaier
CHITTENDEN, MURDAY & NOVOTNY, LLC
303 West Madison Street
Suite 1400
Chicago, Illinois 60606
(312) 281-3600
(312) 281-3678 (fax)
O:\GA101\41163\Pleadings\Carson-IL (removal-not-fed).doc

# EXHIBIT A

| 2120 - Served | 2121 - Served |
|---|---|
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| SUMMONS | ALIAS - SUMMONS |

CCG N001-10M-~~7-97-05~~(       )

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, _____LAW_____ DIVISION

(Name all parties)

NANCY CARSON

v.

GARDEN STATE LIFE INSURANCE COMPANY,

No. 2008L003797
CALENDAR/ROOM W
TIME 00:00
Breach of Contract

SHERIFF PLEASE SERVE:

SEE ATTACHED RIDER

Pam Matranga
Constable Pct. 7
Galveston County
P.O. Box 8327
Bacliff, TX 77518

### SUMMONS

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Da[ley Center, 50 W. Washington], Illinois 60602

☐ District 2 - Sk[okie]          ☐ District 4 - Maywood
   5600 Old Orch[ard Rd.]           [1500] Maybrook Ave.
   Skokie, IL 60[077]              [May]wood, IL 60153

☐ District 5 - Bri[dgeview]       ☐ [Chil]d Support
   10220 S. 76th [Ave.]              [28 N]orth Clark St., Room 200
   Bridgeview, Il[linois]            [Chi]cago, Illinois 60602

ExamOne RECEIVED APR 29 2008 10:45A INTERNAL AUDIT ADMIN
A Quest Diagnostics Subsidiary

Delivered by Constable
4-25-08 at 2:10

You must file within 30 d[ays]
IF YOU FAIL TO DO S[O, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAI]NST YOU FOR THE RELIEF
REQUESTED IN THE [COMPLAINT]

To the officer:

Pam X-3724

This Summons [must be returned by the officer or other person to whom it was given for service, with] endorsement of service and fees, if any, [immediately after service. If service cannot] be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 21683
Name: SUSAN E LOGGANS & ASSOCIATES
Atty. for: PLAINTIFF
Address: 33 N LASALLE STREET, SUITE 1710
City/State/Zip: CHICAGO, IL 60602
Telephone: 312/201-8600

Service by Facsimile Transmission will be accepted at: _____
(Area Code) (Facsimile Telephone Number)

WITNESS, _____

Clerk of Court

Date of service: April 25, 2008
(To be inserted by officer on copy left with defendant or other person)

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

## SUMMONS RIDER

Sheriff Please Serve:

Garden State Life Insurance Company
2450 South Shore Blvd
League City, TX 77573

# EXHIBIT B

SEL/JLB          3/24/08          08-052          #21683

STATE OF ILLINOIS    )
                     ) SS.
COUNTY OF COOK       )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

NANCY CARSON,                      )
                                   )
         Plaintiff,                )
                                   )
  v.                               )
                                   )   No.
GARDEN STATE LIFE INSURANCE        )
COMPANY,                           )
                                   )      2008L003797
         Defendant.                )      CALENDAR/ROOM W
                                   )      TIME 00:00
                                          Breach of Contract

## COMPLAINT AT LAW

### COUNT I – BREACH OF CONTRACT – GARDEN STATE LIFE INSURANCE COMPANY

Now comes the plaintiff, NANCY CARSON, by and through her attorneys, SUSAN E. LOGGANS & ASSOCIATES, P.C., and complaining of the defendant, GARDEN STATE LIFE INSURANCE COMPANY ("GARDEN STATE"), upon information and belief, states as follows:

1. On or about July 25, 2007, Preston R. Jenkins bargained for and purchased a life insurance policy from defendant, GARDEN STATE, identified as Policy Number 06390319 (the "GARDEN STATE Policy").

2. On or about July 25, 2007, and at all times relevant, Preston R. Jenkins, named his biological mother and plaintiff, NANCY CARSON, as the sole beneficiary of the proceeds of the GARDEN STATE Policy.

1

3. On or about July 25, 2007, and at all times relevant, defendant, GARDEN STATE, in exchange for valuable consideration from Preston R. Jenkins, promised and contracted to provide life insurance coverage in the amount of $150,000.

4. On or about July 25, 2007, and at all times relevant following the purchase of the GARDEN STATE Policy, defendant, GARDEN STATE, owed a contractual duty to Preston R. Jenkins to compensate plaintiff, NANCY CARSON, in the event of his death.

5. On August 28, 2007, Preston R. Jenkins died of unnatural causes, while the GARDEN STATE Policy was in full force and effect.

6. On, before and after August 28, 2007, and at all times relevant, plaintiff, NANCY CARSON, reasonably expected that defendant, GARDEN STATE, would provide her the benefit of Preston R. Jenkins' bargain, namely, full compensation of the life insurance benefits under the GARDEN STATE Policy.

7. Soon after August 28, 2007, plaintiff NANCY CARSON, tendered defendant, GARDEN STATE, information as to her son Preston R. Jenkins' unnatural death.

8. On or about December 14, 2007, defendant, GARDEN STATE, completed its review of the claim and denied coverage for the reasons set forth in Exhibit A, which is attached hereto.

9. That after Preston R. Jenkins' death, but before defendant, GARDEN STATE, denied the claim, Peggy Chinn, as agent of defendant, GARDEN STATE, verbally promised to pay the proceeds of the GARDEN STATE Policy to plaintiff, NANCY CARSON.

10. On and after August 28, 2007, defendant, GARDEN STATE, failed to adhere to its contractual commitments under the GARDEN STATE Policy in the following ways:

2

(a) Failed to adhere to its promises by denying to pay the intended beneficiary and plaintiff, NANCY CARSON, the proceeds under the GARDEN STATE Policy;

(b) Denied plaintiff, NANCY CARSON, the benefit of Preston R. Jenkins' bargain with GARDEN STATE, namely, to receive full compensation for the unnatural death of Preston R. Jenkins;

(c) Deviated from its implied duty of good faith under the GARDEN STATE Policy by requesting irrelevant information as to Preston R. Jenkins' medical history, despite having knowledge of the unnatural death of Preston R. Jenkins;

(d) Did not compensate its own insured's beneficiary despite having promised to do so in exchange for receiving premium payments; and

(e) Deviated from its implied duty of good faith under the GARDEN STATE Policy by allowing its agent, Peggy Chinn, to verbally promise to pay the proceeds under the GARDEN STATE Policy.

11. As a result of the facts set forth in this Complaint at Law, defendant, GARDEN STATE, owed a duty to plaintiff, NANCY CARSON, to act in good faith and to adhere to the commitments it made in the GARDEN STATE Policy. The defendant, GARDEN STATE, breached this duty and this breach proximately caused injuries to the plaintiff, NANCY CARSON.

12. As a proximate result of one or more of the aforesaid contract breaches or omissions of defendants, plaintiff, NANCY CARSON, suffered and will continue to suffer injuries of a personal and pecuniary nature.

WHEREFORE, plaintiff, NANCY CARSON, demands judgment against defendant, GARDEN STATE, in a sum in excess of FIFTY THOUSAND DOLLARS ($50,000).

## COUNT II – VEXATIOUS REFUSAL – GARDEN STATE LIFE INSURANCE COMPANY

Now comes the plaintiff, NANCY CARSON, by and through her attorneys, SUSAN E. LOGGANS & ASSOCIATES, P.C., and complaining of the defendant, GARDEN STATE INSURANCE COMPANY ("GARDEN STATE"), upon information and belief, states as follows:

1. On or about July 25, 2007, Preston R. Jenkins bargained for and purchased a life insurance policy from defendant, GARDEN STATE, identified as Policy Number 06390319 (the "GARDEN STATE Policy").

2. On or about July 25, 2007, and at all times relevant, Preston R. Jenkins, named his biological mother and plaintiff, NANCY CARSON, as the sole beneficiary of the proceeds of the GARDEN STATE Policy.

3. On or about July 25, 2007, and at all times relevant, defendant, GARDEN STATE, in exchange for valuable consideration from Preston R. Jenkins, promised and contracted to provide life insurance coverage in the amount of $150,000.

4. On or about July 25, 2007, and at all times relevant following the purchase of the GARDEN STATE Policy, defendant, GARDEN STATE, owed a contractual duty to Preston R. Jenkins to compensate plaintiff, NANCY CARSON, in the event of his death.

5. On August 28, 2007, Preston R. Jenkins died of unnatural causes, while the GARDEN STATE Policy was in full force and effect.

6. On, before and after August 28, 2007, and at all times relevant, plaintiff, NANCY CARSON, reasonably expected that defendant, GARDEN STATE, would provide her the benefit of Preston R. Jenkins' bargain, namely, full compensation of the life insurance benefits under the GARDEN STATE Policy.

7. Soon after August 28, 2007, plaintiff NANCY CARSON, tendered defendant, GARDEN STATE, information as to her son Preston R. Jenkins' unnatural death.

8. Despite having knowledge of Preston R. Jenkins' unnatural death, in September 2007, defendant, GARDEN STATE, requested a medical history for the five years prior to Preston R. Jenkins' last illness.

9. On or about October 10, 2007, defendant, GARDEN STATE, acknowledged that Preston R. Jenkins' death was unnatural and advised plaintiff, NANCY CARSON, that a customary review with law enforcement agencies needed to be conducted.

10. Despite having knowledge of Preston R. Jenkins' unnatural death, on December 3, 2007, defendant, GARDEN STATE, advised plaintiff, NANCY CARSON, that it was awaiting receipt of medical records as to Preston R. Jenkins' medical history.

11. On or about December 14, 2007, defendant, GARDEN STATE, completed its review of the claim and denied coverage for the reasons set forth in Exhibit A, which is attached hereto.

12. That after Preston R. Jenkins' death, but before defendant, GARDEN STATE, denied the claim, Peggy Chinn, as agent of defendant, GARDEN STATE, verbally promised to pay the proceeds of the GARDEN STATE Policy to plaintiff, NANCY CARSON.

13. On and after August 28, 2007, defendant, GARDEN STATE, failed to adhere to its contractual commitments under the GARDEN STATE Policy in the following ways:

   (a) Failed to adhere to its promises by denying to pay the intended beneficiary and plaintiff, NANCY CARSON, the proceeds under the GARDEN STATE Policy;

5

(b) Denied plaintiff, NANCY CARSON, the benefit of Preston R. Jenkins' bargain with GARDEN STATE, namely, to receive full compensation for the unnatural death of Preston R. Jenkins;

(c) Deviated from its implied duty of good faith under the GARDEN STATE Policy by requesting irrelevant information as to Preston R. Jenkins' medical history, despite having knowledge of the unnatural death of Preston R. Jenkins;

(d) Did not compensate its own insured's beneficiary despite having promised to do so in exchange for receiving premium payments; and

(e) Deviated from its implied duty of good faith under the GARDEN STATE Policy by allowing its agent, Peggy Chinn, to verbally promise to pay the proceeds under the GARDEN STATE Policy.

14. As a result of the facts set forth in this Complaint at Law, defendant, GARDEN STATE, owed a duty to plaintiff, NANCY CARSON, to act in good faith and to adhere to the commitments it made in the GARDEN STATE Policy. The defendant, GARDEN STATE, breached this duty and this breach proximately caused injuries to the plaintiff, NANCY CARSON.

15. As a proximate result of one or more of the aforesaid contract breaches or omissions of defendants, plaintiff, NANCY CARSON, suffered and will continue to suffer injuries of a personal and pecuniary nature.

16. In response to defendant GARDEN STATE's vexatious and unreasonable conduct, and as a result of the facts set forth in this Complaint at Law, plaintiff, NANCY CARSON, is filing this action pursuant to 215 ILCS 5/155 (West 2004).

WHEREFORE, plaintiff, NANCY CARSON, demands judgment against defendant, GARDEN STATE, in a sum in excess of FIFTY THOUSAND DOLLARS ($50,000).

SUSAN E. LOGGANS & ASSOCIATES, P.C.
Attorneys for Plaintiff

By: _____
JAMES L. BIZZIERI

SUSAN E. LOGGANS & ASSOCIATES, P.C.
33 North LaSalle Street
Suite 1710
Chicago, IL 60602
(312) 201-8600
Attorney Number: #21683

7

STATE OF ILLINOIS    )
                     ) SS
COUNTY OF COOK       )

### VERIFICATION

I, <u>Nancy Carson</u>, being of sound mind and over the age of majority, duly sworn on oath herein state that all allegations stated in the Complaint at Law are true and accurate to the best of my knowledge.

_____
NANCY CARSON

SUBSCRIBED AND SWORN to before me
this _4_ day of _April_____, 20_08_.

_____
NOTARY PUBLIC

> Official Seal
> Jamie Borowski
> Notary Public State of Illinois
> My Commission Expires 02/27/2012

# EXHIBIT C

1910 - No Fee Paid
1919 - Fee Paid
Jury Demand                                    CCG N067-10M-6/09/04 (                    )

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

NANCY CARSON,

v.                                  No.   2008L003797
                                          CALENDAR/ROOM W
                                          TIME 00:00
GARDEN STATE LIFE INSURANCE,              Breach of Contract

## JURY DEMAND

The undersigned demands a jury trial.

_Jim Bizzieri_
(Signature)

Dated: _April 7_, 2008

Atty. No.: 21683
Name: SUSAN E LOGGANS & ASSOCIATES
Atty. for: PLAINTIFF
Address: 33 N LASALLE STREET, SUITE 1710
City/State/Zip: CHICAGO, IL 60602
Telephone: 312/201-8600

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS