**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **NANCY CARSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 08 cv 2889** |
| | ) | |
| **GARDEN STATE LIFE INSURANCE** | ) | **Judge Kendall** |
| **COMPANY,** | ) | |
| | ) | **Magistrate Judge Denlow** |
| **Defendant.** | ) | |

**GARDEN STATE LIFE INSURANCE COMPANY'S ANSWER
AND AFFIRMATIVE DEFENSES TO THE COMPLAINT AT LAW**

Now comes the defendant, Garden State Life Insurance Company ("GSLIC"), by and through its attorneys, William A. Chittenden, III, Jennifer S. Stegmaier and Chittenden, Murday & Novotny, LLC, states as follows for its Answer to Plaintiff's Complaint at Law:

**COUNT I -BREACH OF CONTRACT - GARDEN STATE LIFE
INSURANCE COMPANY**

1.      On or about July 25, 2007, Preston R. Jenkins bargained for and purchased a life insurance policy from defendant, GARDEN STATE, identified as Policy Number 06390319 (the "GARDEN STATE Policy").

**ANSWER:** GSLIC admits that, on or about June 28, 2007, Preston R. Jenkins ("Mr. Jenkins"), completed and signed an application for life insurance ("Application") and that, pursuant to and in reliance upon the answers contained in this Application, GSLIC initially issued a life insurance policy, No. 06390319, insuring the life of Mr. Jenkins in the amount of $50,000 in term life with an additional $50,000 accidental death benefit rider. GSLIC denies that this policy went into effect. GSLIC further denies the remaining allegations contained in Paragraph 1.

2.      On or about July 25, 2007, and at all times relevant, Preston R. Jenkins, named his biological mother and plaintiff, NANCY CARSON, as the sole beneficiary of the proceeds of the GARDEN STATE Policy.

**ANSWER:** GSLIC admits that Mr. Jenkins' mother, NANCY CARSON ("Ms. Carson"), was designated as the beneficiary in the Application and that this designation was not changed prior to Mr. Jenkins' death.  GSLIC denies the remaining allegations of Paragraph 2.

3.      On or about July 25, 2007, and at all times relevant, defendant, GARDEN STATE, in exchange for valuable consideration from Preston R. Jenkins, promised and contracted to provide life insurance coverage in the amount of $150,000.

**ANSWER:** GSLIC admits that, in reliance upon the answers contained in the Application and pursuant to Mr. Jenkins' request, GSLIC issued a revised life insurance policy, No. 06390319, with a face amount of term benefits insuring the life of Mr. Jenkins in the amount of $150,000, subject to the terms, conditions and limitations of the policy ("Policy"). GSLIC denies that consideration for the Policy was received from Mr. Jenkins and denies the Policy ever went into effect. Further answering, GSLIC denies the remaining allegations of Paragraph 3.

4.      On or about July 25, 2007, and at all times relevant following the purchase of the GARDEN STATE Policy, defendant, GARDEN STATE, owed a contractual duty to Preston R. Jenkins, to compensate plaintiff, NANCY CARSON, in the event of his death.

**ANSWER:** GSLIC denies the allegations of Paragraph 4.

5.      On August 28, 2007, Preston R. Jenkins died of unnatural causes, while the GARDEN STATE Policy was in full force and effect.

**ANSWER:** GSLIC admits that Mr. Jenkins died on August 28, 2007 after having sustained a gun shot wound to the head and that his death was other than natural. GSLIC denies

that the Policy was in effect on August 28, 2007. Further answering, GSLIC denies the remaining allegations of Paragraph 5.

6.      On, before and after August 28, 2007, and at all times relevant, plaintiff, NANCY CARSON, reasonably expected that defendant, GARDEN STATE, would provide her the benefit of Preston R. Jenkins' bargain, namely, full compensation of the life insurance benefits under the GARDEN STATE Policy.

**ANSWER:** GSLIC denies the allegations of Paragraph 6.

7.      Soon after August 28, 2007, plaintiff NANCY CARSON, tendered defendant, GARDEN STATE, information as to her son Preston R. Jenkins' unnatural death.

**ANSWER:** GSLIC admits that, on or about September 11, 2007, Ms. Carson notified GSLIC that Mr. Jenkins had died and that, on or about October 3, 2007, GSLIC received from Ms. Carson a Certificate of Death for Mr. Jenkins that stated his death was a homicide. GSLIC denies the remaining allegations of Paragraph 7.

8.      On or about December 14, 2007, defendant, GARDEN STATE, completed its review of the claim and denied coverage for the reasons set forth in Exhibit A, which is attached hereto.

**ANSWER:** GSLIC admits that GSLIC corresponded with Ms. Carson by letter dated December 14, 2007, in which it denied Ms. Carson's claim for benefits under the Policy. Further answering, GSLIC denies that an Exhibit A was attached to the Complaint or provided to GSLIC. GSLIC also denies the remaining allegations of Paragraph 8.

9.      That after Preston R. Jenkins' death, but before defendant, GARDEN STATE, denied the claim, Peggy Chinn, as agent of defendant, GARDEN STATE, verbally promised to pay the proceeds of the GARDEN STATE Policy to plaintiff, NANCY CARSON.

**ANSWER:** GSLIC denies the allegations of Paragraph 9.

10.    On and after August 28, 2007, defendant, GARDEN STATE, failed to adhere to its contractual commitments under the GARDEN STATE Policy in the following ways:

(a)    Failed to adhere to its promises by denying to pay the intended beneficiary and plaintiff, NANCY CARSON, the proceeds under the GARDEN STATE Policy;

(b)    Denied plaintiff, NANCY CARSON, the benefit of Preston R. Jenkins' bargain with GARDEN STATE, namely, to receive full compensation for the unnatural death of Preston R. Jerkins;

(c)    Deviated from its implied duty of good faith under the GARDEN STATE Policy by requesting irrelevant information as to Preston R. Jenkins' medical history, despite having knowledge of the unnatural death of Preston R. Jenkins;

(d)    Did not compensate its own insured's beneficiary despite having promised to do so in exchange for receiving premium payments; and

(e)    Deviated from its implied duty of good faith under the GARDEN STATE Policy by allowing its agent, Peggy Chinn, to verbally promise to pay the proceeds under the GARDEN STATE Policy.

**ANSWER:** GSLIC denies the allegations of Paragraph 10, and each of them.

11.    As a result of the facts set forth in this Complaint at Law, defendant, GARDEN STATE, owed a duty to plaintiff, NANCY CARSON, to act in good faith and to adhere to the commitments it made in the GARDEN STATE Policy.  The defendant, GARDEN STATE, breached this duty and this breach proximately caused injuries to the plaintiff, NANCY CARSON.

**ANSWER:** GSLIC denies the allegations of Paragraph 11.

12.    As a proximate result of one or more of the aforesaid contract breaches or omissions of defendants, plaintiff, NANCY CARSON, suffered and will continue to suffer injuries of a personal and pecuniary nature.

**ANSWER:** GSLIC denies the allegations of Paragraph 12.

**WHEREFORE,** Defendant Garden State Life Insurance Company denies that NANCY CARSON is entitled to the relief sought or in any amount whatsoever and respectfully prays that Count I of the Complaint at Law be dismissed with prejudice and with its costs awarded and for such other and further relief as this Court deems just and equitable.

## COUNT II - VEXATIOUS REFUSAL – GARDEN STATE LIFE INSURANCE COMPANY

1.      On or about July 25, 2007, Preston R. Jenkins bargained for and purchased a life insurance policy from defendant, GARDEN STATE, identified as Policy Number 06390319 (the "GARDEN STATE Policy").

**ANSWER:** GSLIC admits that, on or about June 28, 2007, Preston R. Jenkins ("Mr. Jenkins"), completed and signed an application for life insurance ("Application") and that, pursuant to and in reliance upon the answers contained in this Application, GSLIC initially issued a life insurance policy, No. 06390319, insuring the life of Mr. Jenkins in the amount of $50,000 in term life with an additional $50,000 accidental death benefit rider ("Policy"). GSLIC denies that the Policy went into effect. GSLIC further denies the remaining allegations contained in Paragraph 1.

2.      On or about July 25, 2007, and at all times relevant, Preston R. Jenkins, named his biological mother and plaintiff, NANCY CARSON, as the sole beneficiary of the proceeds of the GARDEN STATE Policy.

**ANSWER:**   GSLIC admits that Mr. Jenkins' mother, NANCY CARSON ("Ms. Carson"), was designated as the beneficiary in the Application and that this designation was not changed prior to Mr. Jenkins' death.  GSLIC denies the remaining allegations of Paragraph 2.

3.     On or about July 25, 2007, and at all times relevant, defendant, GARDEN STATE, in exchange for valuable consideration from Preston R. Jenkins, promised and contracted to provide life insurance coverage in the amount of $150,000.

**ANSWER:** GSLIC admits that, in reliance upon the answers contained in the Application and pursuant to Mr. Jenkins' request, GSLIC issued a revised life insurance policy, No. 06390319, with a face amount of term benefits insuring the life of Mr. Jenkins in the amount of $150,000, subject to the terms, conditions and limitations of the policy ("Policy"). GSLIC denies that consideration for the Policy was received from Mr. Jenkins and denies the Policy ever went into effect. Further answering, GSLIC denies the remaining allegations of Paragraph 3.

4.     On or about July 25, 2007, and at all times relevant following the purchase of the GARDEN STATE Policy, defendant, GARDEN STATE, owed a contractual duty to Preston R. Jenkins to compensate plaintiff, NANCY CARSON, in the event of his death.

**ANSWER:** GSLIC denies the allegations of Paragraph 4.

5.     On August 28, 2007, Preston R. Jenkins died of unnatural causes, while the GARDEN STATE Policy was in full force and effect.

**ANSWER:** GSLIC admits that Mr. Jenkins died on August 28, 2007 after having sustained a gun shot wound to the head and that his death was other than natural. GSLIC denies that the Policy was in effect on August 28, 2007. Further answering, GSLIC denies the remaining allegations of Paragraph 5.

6.     On, before and after August 28, 2007, and at all times relevant, plaintiff, NANCY CARSON, reasonably expected that defendant, GARDEN STATE, would provide her the benefit of Preston. R. Jenkins' bargain, namely, full compensation of the life insurance benefits under the GARDEN STATE Policy.

**ANSWER:** GSLIC denies the allegations of Paragraph 6.

7.    Soon after August 28, 2007, plaintiff NANCY CARSON, tendered defendant, GARDEN STATE, information as to her son Preston R. Jenkins' unnatural death.

**ANSWER:** GSLIC admits that, on or about September 11, 2007, Ms. Carson notified GSLIC that Mr. Jenkins had died and that, on or about October 3, 2007, GSLIC received from Ms. Carson a Certificate of Death for Mr. Jenkins that stated his death was a homicide. GSLIC denies the remaining allegations of Paragraph 7.

8.    Despite having knowledge of Preston R. Jenkins' unnatural death, in September 2007, defendant, GARDEN STATE, requested a medical history for the five years prior to Preston R. Jenkins' last illness.

**ANSWER:** GSLIC admits that Mr. Jenkins' died as a result of a gun shot wound to the head and that, in September of 2007, GSLIC requested Mr. Jenkins' medical history for the five years prior to Mr. Jenkins' death. Further answering, GSLIC denies the remaining allegations of Paragraph 8.

9.    On or about October 10, 2007, defendant, GARDEN STATE, acknowledged that Preston R. Jenkins' death was unnatural and advised plaintiff, NANCY CARSON, that a customary review with law enforcement agencies needed to be conducted.

**ANSWER:** GSLIC admits the allegations of Paragraph 9.

10.    Despite having knowledge of Preston R. Jenkins' unnatural death, on December 3, 2007, defendant, GARDEN STATE, advised plaintiff, NANCY CARSON, that it was awaiting receipt of medical records as to Preston R. Jenkins' medical history.

**ANSWER:** GSLIC admits the allegations of Paragraph 10.

11.     On or about December 14, 2007, defendant, GARDEN STATE, completed its review of the claim and denied coverage for the reasons set forth in Exhibit A, which is attached hereto.

**ANSWER:** GSLIC admits that GSLIC corresponded with Ms. Carson by letter dated December 14, 2007, in which it denied Ms. Carson's claim for benefits under the Policy. Further answering, GSLIC denies that an Exhibit A was attached to the Complaint or provided to GSLIC. GSLIC also denies the remaining allegations of Paragraph 11.

12.     That after Preston R. Jenkins' death, but before defendant, GARDEN STATE, denied the claim, Peggy Chinn, as agent of defendant, GARDEN STATE, verbally promised to pay the proceeds of the GARDEN STATE Policy to plaintiff, NANCY CARSON.

**ANSWER:** GSLIC denies the allegations of Paragraph 12.

13.     On and after August 28, 2007, defendant, GARDEN STATE, failed to adhere to its contractual commitments under the GARDEN STATE Policy in the following ways:

(a)     Failed to adhere to its promises by denying to pay the intended beneficiary and plaintiff, NANCY CARSON, the proceeds under the GARDEN STATE Policy;

(b)     Denied plaintiff, NANCY CARSON, the benefit of Preston R. Jenkins' bargain with GARDEN STATE, namely, to receive full compensation for the unnatural death of Preston R. Jenkins;

(c)     Deviated from its implied duty of good faith under the GARDEN STATE Policy by requesting irrelevant information as to Preston R. Jenkins' medical history, despite having knowledge of the unnatural death of Preston R. Jenkins;

(d)     Did not compensate its own insured's beneficiary despite having promised to do so in exchange for receiving premium payments; and

(e)     Deviated from its implied duty of good faith under the GARDEN STATE Policy by allowing its agent, Peggy Chinn, to verbally promise to pay the proceeds under the GARDEN STATE Policy.

**ANSWER:** GSLIC denies the allegations of Paragraph 13, and each of them.

14.     As a result of the facts set forth in this Complaint at Law, defendant, GARDEN STATE, owed a duty to plaintiff, NANCY CARSON, to act in good faith and to adhere to the commitments it made in the GARDEN STATE Policy.  The defendant, GARDEN STATE, breached this duty and this breach proximately caused injuries to the plaintiff, NANCY CARSON.

**ANSWER:** GSLIC denies the allegations of Paragraph 14.

15.     As a proximate result of one or more of the aforesaid contract breaches or omissions of defendants, plaintiff, NANCY CARSON, suffered and will continue to suffer injuries of a personal and pecuniary nature.

**ANSWER:** GSLIC denies the allegations of Paragraph 15.

16.     In response to defendant GARDEN STATE's vexatious and unreasonable conduct, and as a result of the facts set forth in this Complaint at Law, plaintiff, NANCY CARSON, is filing this action pursuant to 215 ILCS 5/155 (West 2004).

**ANSWER:** GSLIC denies the allegations of Paragraph 16.

**WHEREFORE,** Defendant Garden State Life Insurance Company denies that NANCY CARSON is entitled to the relief sought or in any amount whatsoever and respectfully prays that Count II of the Complaint at Law be dismissed with prejudice and with its costs awarded and for such other and further relief as this Court deems just and equitable.

## AFFIRMATIVE DEFENSES

Defendant, GARDEN STATE LIFE INSURANCE COMPANY, by its attorneys, William A. Chittenden III, Jennifer S. Stegmaier, and Chittenden, Murday & Novotny LLC, states as follows for its Affirmative Defenses to the Complaint at Law:

### FIRST AFFIRMATIVE DEFENSE

In its First Affirmative Defense to Counts I and II, GSLIC states that Plaintiff fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

In its Second Affirmative Defense to Counts I and II, GSLIC states that Plaintiff's causes of action are precluded because there was no contract formation as the Policy at issue never went into effect.

### THIRD AFFIRMATIVE DEFENSE

In its Third Affirmative Defense to Count I, GSLIC states that Plaintiff's cause of action for breach of contract is precluded due to the non-occurrence of a condition precedent under the Policy that the "first premium is paid during the lifetime and continued insurability of the Insured."

### FOURTH AFFIRMATIVE DEFENSE

In its Fourth Affirmative Defense to Count I, GSLIC states that Plaintiff's cause of action for breach of contract is precluded due to lack of consideration.

### FIFTH AFFIRMATIVE DEFENSE

In the alternative, even if the life insurance, Policy No. 06390319, issued by GSLIC and purporting to insure the life of Preston R. Jenkins, now deceased, ("Policy") was in full force and effect, which GSLIC expressly denies, the Policy would be void *ab initio* based on material misrepresentations of Mr. Jenkins' medical history contained in his application for life insurance benefits. Specifically:

1.      In June of 2007, Mr. Preston R. Jenkins ("Mr. Jenkins") applied to GSLIC for life insurance coverage on his life ("Application"). A true and correct copy of the Application is attached hereto as Exhibit A and incorporated by reference herein.

2.      Mr. Jenkins completed the Application on or about June 28, 2007. In the Application, Mr. Jenkins was asked specific questions pertaining to his health history, and other matters affecting GSLIC's potential risk in issuing insurance coverage on his life.

3.      Mr. Jenkins' answers in the Application are reflected in the responses provided by "Applicant 1."

4.      Specifically, Mr. Jenkins was asked the following questions regarding his health history and gave the following answers in the Application:

> 10.   **Within the past 10 years, have you consulted a physician for, been diagnosed with, or received treatment for:** stroke; TIA; Alzheimer's or other brain, mental or nervous system disorder; heart or circulatory system disease; blood disease (excluding a positive HIV test); cancer (excluding basal and squamous cell skin cancer); chronic kidney liver or lung disease (excluding asthma and bronchitis), alcoholism or alcohol or drug abuse?
>
> **Applicant 1:** [ ]  Yes   [X]  No

> 11.   **Within the past 10 years, have you been <u>hospitalized as an inpatient</u> for:** chest pain, blood pressure; diabetes; asthma; depression or other mental or nervous disorder; paralysis; seizure; anemia; or have you attempted suicide?
>
> **Applicant 1:** [ ]  Yes   [X]  No

5.      On completion and execution of the aforesaid Application, Mr. Jenkins also agreed to the following statements:

> I have read the above questions and declare the answers are complete and true to the best of my knowledge and belief. I agree the answers will form a part of the policy. **Subject to all conditions set forth in the policy, the insurance shall not be in force until this application has been**

> **approved by the company and the policy issued and delivered to me, and the first premium is paid while I am in the same health condition as described above.**

6.      Mr. Jenkins made the statements and representations contained in the Application, including those set forth in Paragraphs 4 and 5 above, for the purpose of inducing GSLIC to rely thereon, and, based on such reliance, to induce it to issue and deliver a policy of insurance to him.

7.      Mr. Jenkins died on August 28, 2007 as a result of a gun shot wound to the head.

8.      In reliance on the representations in the Application as to Mr. Jenkins' medical history, on August 30, 2007, without knowledge of Mr. Jenkins' death, GSLIC issued Policy No. 06390319 with a Policy Date of August 28, 2007, insuring the life of Preston R. Jenkins in the amount of $150,000 in accordance with the terms, conditions, exclusions and limitations of the Policy ("Policy"). A true and correct copy of the Policy is attached hereto as Exhibit B.

9.      The Policy expressly provides that the Policy is issued "in consideration of the application and payment of the premiums" and that the Policy "shall not take effect until it has been delivered and the first premium is paid during the lifetime and continued insurability of the Insured." The Policy further provides that GSLIC may contest the Policy within two years from the Policy Date and expressly states "This policy will be incontestable after it has been in force during the Insured's lifetime for two years from the Policy Date, except for nonpayment of premiums."

10.      After Mr. Jenkins died, on August 30, 2007, GSLIC received the first premium payment over the telephone *via* credit card. GSLIC was unaware of Mr. Jenkins' death at the time of the credit card authorization and the caller did not made that fact known to GSLIC.

11.     Mr. Jenkins died on August 28, 2007, within the two years contestable period set forth in the Policy.

12.     After a claim was made by Plaintiff on the Policy, it was determined that, in fact, the statements, answers, and representations made by Mr. Jenkins in the Application, including, but not limited to, the statements, answers, and representations set forth in Paragraphs 4 and 5 above, were false, untrue, incomplete, and incorrectly stated, and were known by Mr. Jenkins to be false, untrue, incomplete, and incorrectly stated at the time he executed the Application.

13.     In truth, within 10 years of his Application, Mr. Jenkins had consulted with a physician for, had been diagnosed with, or received treatment for alcoholism or alcohol abuse and had been hospitalized as an inpatient for depression or another mental or nervous disorder and attempted suicide.

14.     Specifically, on June 10, 1998, Mr. Jenkins was treated in the emergency room of Advocate Christ Hospital Center for "depression."

15.     On June 11, 1998, Mr. Jenkins was admitted to Advocate Christ Hospital Center with a diagnosis of "Oppositional disorder, substance abuse."

16.     On June 18, 1998, Mr. Jenkins was discharged from Advocate Christ Hospital Center with a diagnosis of "Depression."

17.     On January 17, 1999, Mr. Jenkins was diagnosed as "Suicidal" while at St. Francis Hospital & Health Center.

18.     If Mr. Jenkins had truthfully disclosed his actual medical history on the Application for life insurance with GSLIC, including the conditions and facts set forth above, GSLIC would not have issued the Policy it issued.

19.    The statements and representations made by Mr. Jenkins in the Application, including those set forth above, were material to GSLIC's acceptance of the risk in offering to provide life insurance to Mr. Jenkins.

20.    As a result of Mr. Jenkins material misrepresentations and concealment of material facts in the Application, the Policy is void *ab initio*, and of no force and effect whatsoever, because the misrepresentations materially affected GSLIC's acceptance of the risk in insuring his life.

21.    On December 14, 2007, GSLIC advised Plaintiff that it was denying liability on the Policy because "Since Mr. Jenkins passed away on August 28, 2007, th[e] Policy did not take effect because the first premium was not paid during his lifetime and continued insurability" and also due to the material misrepresentations and concealment of material facts outlined above. GSLIC further tendered a refund of all premiums paid on the Policy.

22.    Because the Policy was void *ab initio* due to the material misrepresentations contained in the Application, GSLIC cannot be liable as a matter of law.

**WHEREFORE**, Defendant GARDEN STATE LIFE INSURANCE COMPANY respectfully prays that this Court enter judgment in its favor and against Plaintiff on all counts of Plaintiff's Complaint at Law and with GARDEN STATE LIFE INSURANCE COMPANY's costs awarded.

## SIXTH AFFIRMATIVE DEFENSE

In the alternative, even if the life insurance, Policy No. 06390319, issued by GSLIC and purporting to insure the life of Preston R. Jenkins, now deceased, ("Policy") was in full force and effect, which GSLIC expressly denies, the Policy would be void *ab initio* because the

misrepresentations were material to the risk of the hazard assumed by GSLIC in insuring Mr.
Jenkins' life. Specifically:

1-22.    GSLIC repeats and realleges Paragraphs 1 through 22 of its Fifth Affirmative
Defense as though fully set forth herein.

23.    The statements and representations made by Mr. Jenkins in the Application,
including those set forth above, were material to the risk of the hazard assumed by GSLIC in
offering to provide life insurance coverage to Mr. Jenkins.

24.    As a result of Mr. Jenkins' material misrepresentations and concealment of
material facts in his Application, the Policy is null and void *ab initio*, and of no force and effect
whatsoever, because the misrepresentations were material to the risk of the hazard assumed by
GSLIC in insuring his life.

25.    On December 14, 2007, GSLIC advised Plaintiff that it was denying liability on
the Policy due to the material misrepresentations and concealment of material facts outlined
above. GSLIC further tendered a refund of all premiums paid on the Policy.

26.    Because the Policy was void *ab initio* due to the material misrepresentations
contained in the Application, GSLIC cannot be liable as a matter of law.

**WHEREFORE,** Defendant GARDEN STATE LIFE INSURANCE COMPANY
respectfully prays that the Court enter judgment in its favor and against Plaintiff on all counts of
Plaintiff's Complaint at Law and with GARDEN STATE LIFE INSURANCE COMPANY's
costs awarded.

<u>**SEVENTH AFFIRMATIVE DEFENSE**</u>

In the alternative, even if the life insurance, Policy No. 06390319, issued by GSLIC and
purporting to insure the life of Preston R. Jenkins, now deceased, ("Policy") was in full force and

effect, which GSLIC expressly denies, the Policy would be void *ab initio* because the misrepresentations were made with an actual intent to deceive GSLIC. Specifically:

1-22.    GSLIC repeats and realleges Paragraphs 1 through 22 of its Fifth Affirmative Defense as though fully set forth herein.

23.    As a result of Mr. Jenkins' material misrepresentations and concealment of material facts in his Application, the Policy is null and void *ab initio*, of no force and effect whatsoever, because the misrepresentations were made with an actual intent to deceive GSLIC.

24.    On December 14, 2007, GSLIC advised Plaintiff that it was denying liability on the Policy due to the material misrepresentations and concealment of material facts outlined above. GSLIC further tendered a refund of all premiums paid on the Policy.

25.    Because the Policy was void *ab initio* due to the material misrepresentations contained in the Application, GSLIC cannot be liable as a matter of law.

**WHEREFORE,** Defendant GARDEN STATE LIFE INSURANCE COMPANY respectfully prays that the Court enter judgment in its favor and against Plaintiff on all counts of Plaintiff's Complaint at Law and with GARDEN STATE LIFE INSURANCE COMPANY's costs awarded.

Respectfully submitted,

**GARDEN STATE LIFE INSURANCE COMPANY**

By:    /s/Jennifer S. Stegmaier
       One of their Attorneys

William A. Chittenden, III
Jennifer S. Stegmaier
CHITTENDEN, MURDAY & NOVOTNY LLC
303 W. Madison Street, Suite 1400
Chicago, IL 60606
(312) 281-3600
(312) 281-3678 (fax)
O:\GA101\41163\Pleadings\Answer to Cmplt-FINAL.doc

*Certificate of Service*

I hereby certify that on **July 25, 2008**, I electronically filed the foregoing **Garden State Life Insurance Company's Answer and Affirmative Defenses to the Complaint at Law** with the United States District Court for the Northern District of Illinois, Eastern Division. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

James L. Bizzieri, Esq.
Patrick J. Condron, Esq.
Susan E. Loggans & Associates, P.C.
33 N. LaSalle Street
Suite 1710
Chicago, Illinois 60602
jbizzieri@logganslaw.com
pcondron@logganslaw.com


Janet L. Rushing, Esq.
Greer, Herz & Adams, LLP
2525 South Shore Blvd.
Suite 203
League City, TX 77573
jrushing@greerherz.com


                    /s/ Jennifer S. Stegmaier

O:\GA101\41163\Pleadings\Answer to Cmplt-FINAL.doc

# EXHIBIT A

Dated 07/02/2007  09.50.24

```
0806390319 APP - GARDEN STATE LIFE
```

**nd return this application.**
**asy payment options (send no money now):**
**g account. (Enclose a numbered deposit slip or voided check.)**

☐ Mastercard

| | | | | | | | | | | | | | | |
Visa or Mastercard Account Number          Exp Date

Authorization Signature (Required for Options A or B)

**C.** ☒ **Bill Me**
Reference No. 610160    -    / W729UMXT -2

---

**GARDEN STATE LIFE**
Insurance Company

# APPLICATION FOR LIFE INSURANCE

Home Office:
League City, TX 77573

| APPLICANT 1: | APPLICANT 2: |
|---|---|
| 1. Name Preston R Jenkins | 1. Name Nancy Carson |
| Address 12525 S Quinn Dr | Address 12525 S Quinn Dr |
| City Alsip  State: IL  Zip: 60803 | City Alsip  State IL  Zip 60803 |
| Home Phone (708) 388-6642 | Home Phone (708) 388-6642 |
| Work Phone | Work Phone |
| E-mail Address | E-mail Address |
| Date of Birth: REDACTED  ☐ Female ☒ Male | Date of Birth REDACTED  ☒ Female ☐ Male |
| Social Security # REDACTED | Social Security # REDACTED |
| Place of Birth: Chgo  IL  U.S. Citizen ☒ Yes ☐ No | Place of Birth Chgo IL  U.S. Citizen ☒ Yes ☐ No |
| If 'No', Do You Have Permanent Resident Status: ☒ Yes ☐ No | If 'No', Do You Have Permanent Resident Status: ☒ Yes ☐ No |

| 2. Plan: Term Life to age 80 (6) with ADB | 2. Plan: Term Life to age 80 (6) with ADB |
|---|---|
| Amount: ☐ $150,000  ☒ $100 000 | Amount: $ 100,000 |
| ☐ $125 000  Other Amount $ | |
| Automatic Premium Loan Provision Requested? ☐ Yes ☒ No | Automatic Premium Loan Provision Requested? ☐ Yes ☒ No |

| 3. Type of tobacco product used in the last 12 months: | 3. Type of tobacco product used in the last 12 months: |
|---|---|
| ☐ cigarettes ☐ cigars ☐ pipe ☐ chewing tobacco ☒ none | ☐ cigarettes ☐ cigars ☐ pipe ☐ chewing tobacco ☒ none |

| 4. Height: 5 ft. 11 in.  Weight: 107 lbs. | 4. Height: 5 ft. 6 in.  Weight: 170 lbs. |
|---|---|

| 5. Marital Status: ☐ Married ☐ Divorced ☐ Separated  ☒ Single ☐ Widowed | 5. Marital Status: ☐ Married ☐ Divorced ☐ Separated  ☒ Single ☐ Widowed |
|---|---|

| 6. Income: ☐ Under $10,000  ☒ $10,000-$24,999  ☐ $25,000-$49 999 ☐ $50,000-$99,999 ☐ $100,000+ | 6. Income: ☐ Under $10,000  ☐ $10,000-$24,999  ☒ $25 000-$49 999 ☐ $50 000-$99,999 ☐ $100,000+ |
|---|---|

| 7. Occupation: Sales Rep | 7. Occupation Nurse Asst |
|---|---|
| 8. Beneficiary Nancy Carson | 8. Beneficiary Preston Jenkins |
| Relationship Mother | Relationship Son |
| If no beneficiary survives you or none is named payment will be made to your estate | If no beneficiary survives you or none is named payment will be made to your estate |

| 9. Will this policy replace any existing life insurance or annuity? ☐ Yes ☒ No  If Yes name of company to be replaced: | 9. Will this policy replace any existing life insurance or annuity? ☐ Yes ☒ No  If Yes name of company to be replaced |
|---|---|
| Company: | Company |
| Amount: | Amount |

| GU040 | PLEASE CONTINUE ON BACK AND SIGN APPLICATION |
|---|---|

Dated 07/02/2007  09.50.24

10. Within the past 10 years, have you consulted a physician for, been diagnosed with, or received treatment for: stroke; TIA; Alzheimer's or other brain, mental or nervous system disorder; heart or circulatory system disease; blood disease (excluding a positive HIV test); cancer (excluding basal and squamous cell skin cancer); chronic kidney, liver or lung disease (excluding asthma and bronchitis); alcoholism or alcohol or drug abuse?

**Applicant 1:** ☒ Yes ☒ No          **Applicant 2:** ☒ Yes ☒ No

11. Within the past 10 years, have you been hospitalized as an inpatient for: chest pain; blood pressure; diabetes; asthma; depression or other mental or nervous disorder; paralysis; seizure; anemia; or have you attempted suicide?

**Applicant 1:** ☒ Yes ☒ No          **Applicant 2:** ☒ Yes ☒ No

12. Within the past 5 years, have you: been convicted of a felony; had a driver's license suspended or revoked; or been charged with 3 or more moving violations?

**Applicant 1:** ☒ Yes ☐ No          **Applicant 2:** ☐ Yes ☒ No

13. Have you ever been diagnosed by a person licensed as a medical doctor as having Acquired Immune Deficiency Syndrome (AIDS) or had positive test results for the AIDS virus?*

**Applicant 1:** ☒ Yes ☒ No          **Applicant 2:** ☒ Yes ☒ No

14. Other than as in question 11, in the past 2 years, have you been: disabled or missed 10 or more consecutive days of work due to illness; hospitalized as an inpatient for 2 or more days; advised to have any treatment that has not been performed; or needed help with dressing, eating, walking or breathing (including the use of oxygen)?  If "yes", provide details (dates of treatment, test results, diagnoses, medications, etc.):

**Applicant 1** ☐ Yes ☒ No     **Applicant 2:** ☒ Yes ☐ No
Details.                        Details.

15. Within the past 3 years, have you consulted a physician for, been diagnosed with or received treatment for: high blood pressure; diabetes; asthma; or chronic bronchitis? If "yes", provide details (dates of treatment, test results, diagnoses, medications, etc.):

**Applicant 1:** ☒ Yes ☒ No          **Applicant 2:** ☒ Yes ☒ No
Details                        Details:

I authorize any medical provider, hospital, clinic, pharmacy, pharmacy benefit manager, laboratory, and the Medical Information Bureau (MIB) to provide to Garden State Life Insurance Company (GSL) or its representative, information on medical advice or treatment provided to me including for Acquired Immune Deficiency Syndrome (AIDS) and Human Immunodeficiency Virus (HIV), for underwriting purposes.  I understand that: GSL may disclose such information to MIB, attorneys, and government agencies for purposes of underwriting, compliance, or in response to litigation or subpoenas; after being disclosed, the recipient may redisclose it with loss of protection by federal regulations; this authorization or a copy of it is valid for 24 months from the date below; I may refuse to sign this authorization which will affect my ability to obtain coverage;  and I or my representative am entitled to a copy of this authorization and any information obtained under it.  I may revoke this authorization, except if GSL has taken an action in reliance on it, by sending written notice to Garden State Life, P. O. Box 9100, League City, Texas  77574.  I acknowledge receiving the Exchange of Information Notice and I have read the MIB Pre-Notifications.

I have read the above questions and declare the answers are complete and true to the best of my knowledge and belief. I agree the answers will form a part of the policy. **Subject to all conditions set forth in the policy, the insurance shall not be in force until this application has been approved by the company and the policy issued and delivered to me, and the first premium is paid while I am in the same health condition as described above.**

Signature of
Applicant 1: X _Preston Perkins_          Date X _6/28/07_

Signature of
Applicant 2: X _Mary Carson_              Date X _6/28/07_

Any person who knowingly and with intent to defraud any insurance company or other person files an application for insurance or statement of claim containing any materially false information or conceals, for the purpose of misleading, information concerning any fact material thereto commits a fraudulent insurance act, which is a crime and may subject such person to criminal and civil penalties. (This notice does not apply to residents of OR or VA)

*MA residents should not include tests (1) not licensed by the FDA, or (2) obtained at an anonymous test site.

GU040          **IMPORTANT: YOU MUST COMPLETE ALL QUESTIONS AND SIGN ABOVE.**

# EXHIBIT B



# YOUR LIFE INSURANCE POLICY

## GARDEN STATE LIFE
### *Insurance Company*

(A Stock Company)

ADMINISTRATIVE OFFICE: 2450 SOUTH SHORE BLVD., LEAGUE CITY, TX 77573
HOME OFFICE: LEAGUE CITY, TX

We promise to pay the face amount of this policy to the Beneficiary if the Insured dies on or before the Expiry Date while this policy is in force, subject to the provisions of this policy.

Signed at Our Administrative Office at League City, TX on the Policy Date.

V.E. Soler, Jr.
*Secretary*

Scott K. Luchesi
*President*

## READ THIS POLICY CAREFULLY.

It is a legal contract between the Owner and Us.

## 20 DAY RIGHT TO CANCEL

The Owner may cancel this policy for any reason within 20 days after its receipt. The Owner must mail or deliver the policy to Our agent or Our Administrative Office. Any premium paid will be refunded to the Owner. The policy will then be treated as if it were never issued.

## TERM LIFE INSURANCE POLICY

- Face amount payable at Insured's death prior to the Expiry Date.
- Premiums payable during the life of Insured until the Expiry Date.
- Convertible as provided herein.
- Nonparticipating. Dividends are not payable.

GSA22

GSLP008 R2/02

Page 2

# GUIDE TO POLICY PROVISIONS

|  | Page |
|---|---|
| Assignment of Policy | 5 |
| Beneficiary's Rights | 4 |
| Change of Beneficiary | 4 |
| Conversion Privilege | 5 |
| Definitions | 4 |
| Incontestability | 5 |
| Misstatement of Age | 5 |
| Owner's Rights | 5 |
| Payment of Proceeds at Death | 4 |
| Policy Data | 3 |
| Policy Summary | 4 |
| Premiums and Grace Period | 4 |
| Reinstatement of Lapsed Policy | 4 |
| Settlement Provisions | 5 |
| Suicide Limitations | 5 |
| When Coverage Begins | 5 |
| Who Is Authorized To Make Changes | 5 |

------------------------------------------------------------
## POLICY DATA
------------------------------------------------------------

Issue Age:  26                          Premium Class:  Standard Non-Smoker
Sex: Male

------------------------------------------------------------
## BASE POLICY

Plan:  Term to Age 80 (5)               Date of Expiry:  August 28, 2061      (Age  80)

Annual Premium:  $435.00                Conversion Privilege Expiry Date:
Years Payable:   5                                     August 28, 2046       (Age  65)

Level face amount with premiums as shown on Schedule of Premiums Page.

------------------------------------------------------------
## RIDERS

| Amount | Benefit | Annual Premium | Years Payable | Rider Effective Date | Date Of Expiry |
|--------|---------|----------------|---------------|----------------------|----------------|

------------------------------------------------------------
## MODE PREMIUMS  (Includes all Benefits)

| Annual | Semi-Annual | Quarterly | Special Monthly |
|--------|-------------|-----------|-----------------|
| $435.00 | $217.50 | $109.50 | $35.50 |

Insured: Preston R Jenkins                Face Amount: $150,000
Policy Number: 06390319                    Policy Date: August 28, 2007
GSA22

---
## SCHEDULE OF PREMIUMS
---

### ANNUAL PREMIUMS

| Policy Year | Attained Age | Basic Policy | Premium Waiver | Accidental Death | Rider(s) | Total |
|---|---|---|---|---|---|---|
| 1 | 26 | $435.00 | | | | $435.00 |
| 2 | 27 | $435.00 | | | | $435.00 |
| 3 | 28 | $435.00 | | | | $435.00 |
| 4 | 29 | $435.00 | | | | $435.00 |
| 5 | 30 | $435.00 | | | | $435.00 |
| 6 | 31 | $435.00 | | | | $435.00 |
| 7 | 32 | $435.00 | | | | $435.00 |
| 8 | 33 | $435.00 | | | | $435.00 |
| 9 | 34 | $435.00 | | | | $435.00 |
| 10 | 35 | $435.00 | | | | $435.00 |
| 11 | 36 | $456.00 | | | | $456.00 |
| 12 | 37 | $456.00 | | | | $456.00 |
| 13 | 38 | $456.00 | | | | $456.00 |
| 14 | 39 | $456.00 | | | | $456.00 |
| 15 | 40 | $456.00 | | | | $456.00 |
| 16 | 41 | $576.00 | | | | $576.00 |
| 17 | 42 | $576.00 | | | | $576.00 |
| 18 | 43 | $576.00 | | | | $576.00 |
| 19 | 44 | $576.00 | | | | $576.00 |
| 20 | 45 | $576.00 | | | | $576.00 |
| 21 | 46 | $969.00 | | | | $969.00 |
| 22 | 47 | $969.00 | | | | $969.00 |
| 23 | 48 | $969.00 | | | | $969.00 |
| 24 | 49 | $969.00 | | | | $969.00 |
| 25 | 50 | $969.00 | | | | $969.00 |
| 26 | 51 | $1,620.00 | | | | $1,620.00 |
| 27 | 52 | $1,620.00 | | | | $1,620.00 |
| 28 | 53 | $1,620.00 | | | | $1,620.00 |
| 29 | 54 | $1,620.00 | | | | $1,620.00 |
| 30 | 55 | $1,620.00 | | | | $1,620.00 |
| 31 | 56 | $2,601.00 | | | | $2,601.00 |
| 32 | 57 | $2,601.00 | | | | $2,601.00 |
| 33 | 58 | $2,601.00 | | | | $2,601.00 |
| 34 | 59 | $2,601.00 | | | | $2,601.00 |
| 35 | 60 | $2,601.00 | | | | $2,601.00 |
| 36 | 61 | $3,786.00 | | | | $3,786.00 |
| 37 | 62 | $3,786.00 | | | | $3,786.00 |
| 38 | 63 | $3,786.00 | | | | $3,786.00 |
| 39 | 64 | $3,786.00 | | | | $3,786.00 |
| 40 | 65 | $3,786.00 | | | | $3,786.00 |

Insured: Preston R Jenkins

Policy Number: 06390319

## SCHEDULE OF PREMIUMS

### ANNUAL PREMIUMS

| Policy Year | Attained Age | Basic Policy | Premium Waiver | Accidental Death | Rider(s) | Total |
|---|---|---|---|---|---|---|
| 41 | 66 | $5,875.50 | | | | $5,875.50 |
| 42 | 67 | $5,875.50 | | | | $5,875.50 |
| 43 | 68 | $5,875.50 | | | | $5,875.50 |
| 44 | 69 | $5,875.50 | | | | $5,875.50 |
| 45 | 70 | $5,875.50 | | | | $5,875.50 |
| 46 | 71 | $12,463.50 | | | | $12,463.50 |
| 47 | 72 | $12,463.50 | | | | $12,463.50 |
| 48 | 73 | $12,463.50 | | | | $12,463.50 |
| 49 | 74 | $12,463.50 | | | | $12,463.50 |
| 50 | 75 | $12,463.50 | | | | $12,463.50 |
| 51 | 76 | $30,148.50 | | | | $30,148.50 |
| 52 | 77 | $30,148.50 | | | | $30,148.50 |
| 53 | 78 | $30,148.50 | | | | $30,148.50 |
| 54 | 79 | $30,148.50 | | | | $30,148.50 |

Insured: Preston R Jenkins

Policy Number: 06390319

## DEFINITIONS

In this policy:

**THE INSURED** is the person whose life is insured as shown on the Policy Data page.

**WE, US** and **OUR** refer to Garden State Life Insurance Company.

**A RIDER** is an attachment to the policy, which provides additional benefits.

**AGE** means age on the last birthday.

**LAPSE** means termination of the policy due to nonpayment of premiums.

**REINSTATE** means to restore coverage after the policy has lapsed.

**THE BENEFICIARY** is the person to receive the proceeds in the event of the Insured's death.

**THE OWNER** is the Insured unless otherwise specified in the application.

## POLICY SUMMARY

This policy provides life insurance payable in the event of the Insured's death prior to the Expiry Date. The amount of the insurance is the face amount shown on the Policy Data page. The premiums are payable until the Expiry Date. Additional Benefits, if any, are provided by rider. This is a brief description. The insurance is fully described in the various provisions of the policy.

## PREMIUM PAYMENT AND REINSTATEMENT OF LAPSED POLICY

**PREMIUMS**—To keep this policy in force each premium must be paid on or before its due date or within the grace period. Payments should be made to Our Administrative Office. They may also be made to an authorized agent of Our Company in exchange for a receipt signed by Our President and countersigned by such agent. The first premium is due as of the Policy Date. Premiums after the first are payable in advance while the Insured is living. If any premium remains unpaid after the grace period, the policy will lapse and be void. If a part of the premium ceases to be payable under the provisions of a rider, the premium will be reduced accordingly. The mode of premium payment may be changed on any policy anniversary to any other mode shown on the Policy Data page.

Any change in the amount of the annual premium for this policy will effect a corresponding change in the amount of premium payable for the policy under a semiannual, quarterly, or monthly mode of premium payment.

**GRACE PERIOD FOR PAYING PREMIUMS**—We will allow a period of 31 days after the premium due date for payment of each premium after the first. During this grace period no interest will be charged on the premium due. If the Insured dies during the grace period before the premium is paid, the portion of the premium required to provide insurance for the policy month of the Insured's death will be deducted from the proceeds payable under this policy.

**POLICY DATE**—The Policy Date will be used to determine the premium due dates, policy anniversaries and policy years.

**REINSTATEMENT OF LAPSED POLICY**—If this policy lapses, it may be reinstated subject to the following conditions:

1. the request for reinstatement must be made in writing within five years after the date of lapse.
2. the Insured must provide proof of insurability satisfactory to Us.
3. all overdue premiums must be paid with interest compounded annually at the reinstatement interest rate of 6%.
4. the premium due at the time of reinstatement must be paid.

## BENEFICIARY PROVISIONS

**WHO RECEIVES THE PROCEEDS**—Any proceeds payable because of the death of the Insured will be paid to the Beneficiary. Unless changed as provided in this policy, the Beneficiary will be as designated in the application. If the Beneficiary is a partnership, any proceeds will be paid to the partnership as it existed at the time of the Insured's death.

**IF THE BENEFICIARY DIES**—The interest of any Beneficiary who dies before the Insured will terminate at the death of the Beneficiary. Unless otherwise specified, the interest of any Beneficiary who dies at the time of, or within 30 days after, the Insured's death will also terminate if no proceeds have been paid to that Beneficiary. If the interest of all designated Beneficiaries has terminated, any proceeds payable will be paid to the Owner or his estate or successors.

**HOW TO CHANGE A BENEFICIARY**—While the Insured is living, the Owner may change the Beneficiary by filing a satisfactory written notice with Us. A change of Beneficiary will not be effective until recorded by Us at Our Administrative Office. When recorded, the change will take effect on the date the notice was signed, except that any proceeds paid before We record a change of Beneficiary will not be subject to the change. A Beneficiary designated irrevocably may not be changed without the written consent of that Beneficiary.

**PROTECTION OF THE PROCEEDS**—To the extent permitted by law, no payment of proceeds or interest will be subject to the claims of any creditors of the Beneficiary or to any legal process against the Beneficiary.

## PAYMENT OF THE PROCEEDS

**ADJUSTMENT OF PROCEEDS AT DEATH**—Any portion of a paid premium which applies to a period beyond the policy

GSA22

month of the Insured's death will be added to the proceeds payable under this policy. Premiums waived under any waiver of premium rider attached to the policy will not be included in this adjustment.

**PROOF OF DEATH**—Any proceeds payable because of the death of the Insured will be paid when We receive due proof of the Insured's death. Such proof must be submitted to Us at Our Administrative Office. Appropriate forms will be made available to the Beneficiary upon request.

## SETTLEMENT PROVISIONS

Proceeds of this policy payable at the Insured's death will be paid in a single sum or by any method of settlement that may be arranged subject to Our agreement.

## GENERAL PROVISIONS

**INCONTESTABILITY OF THE POLICY**—This policy will be incontestable after it has been in force during the Insured's lifetime for two years from the Policy Date, except for nonpayment of premiums. With regard to statements made in an application for reinstatement, this policy will be incontestable after it has been in force during the Insured's lifetime for two years from the date of reinstatement.

**AMOUNT PAYABLE IS LIMITED IN THE EVENT OF SUICIDE**—If the Insured dies by suicide, while sane or insane, within two years from the Policy Date, Our liability will be limited to the amount of the premiums paid.

**MISSTATEMENT OF AGE OR SEX IN THE APPLICATION**—If the Insured's Age or sex has been misstated, We will pay the amount of insurance that the premiums paid would have purchased had the Insured's Age and sex been correctly stated.

**THE CONTRACT CONSISTS OF THE POLICY AND THE APPLICATION**—We have issued this policy in consideration of the application and payment of the premiums. A copy of the application is attached and is a part of this policy. The policy with the application make the entire contract. All statements made by or for the Insured will be considered representations and not warranties. We will not use any statement in defense of a claim unless it is made in the application and a copy of the application is attached to this policy when issued.

**WHEN COVERAGE BEGINS**—This policy shall not take effect until it has been delivered and the first premium is paid during the lifetime and continued insurability of the Insured.

**WHO IS AUTHORIZED TO MAKE CHANGES IN THE POLICY**—Only the President, a Vice president or the Secretary has the authority to bind Us or to make any change in this policy and then only in writing. No agent or person other than the above named officers has the authority to change or modify this Policy or waive any of its provisions.

**OWNER OF THE POLICY**—Before the Insured's death, only the Owner will be entitled to the rights granted by this policy. If the Owner is an individual and dies before the Insured, the rights of the Owner belong to the executor or administrator of the Owner's estate unless otherwise provided in this policy. If the Owner is a partnership, the rights belong to the partnership as it exists when a right is exercised.

**ASSIGNMENT OF THE POLICY**—We are not responsible for the adequacy of any assignment. However, when an assignment is filed with Us and recorded by Us at Our Administrative Office, the Owner's rights and those of any revocable Beneficiary will be subject to it. Any proceeds paid before We record an assignment will not be subject to that assignment.

**NO DIVIDENDS ARE PAYABLE**—This policy does not participate in Our profits or surplus.

## ADDITIONAL PROVISIONS

**CONVERSION PRIVILEGE**—While this policy is in force and prior to the Conversion Privilege Expiry Date shown on the Policy Data page, this policy may be converted without proof that the Insured is insurable.
The new policy will be issued:
1. for an amount not greater than the amount of this policy;
2. on a level premium nonparticipating whole life plan;
3. at Our published rates in effect on the Policy Date of the new policy;
4. at the Age of the Insured on the Policy Date of the new policy; and
5. for the premium class as shown on the Policy Data page of this policy.
The policy Date of the new policy will be the date to which premiums have been paid under this policy. However, the provisions of the new policy concerning suicide and incontestability will be measured from the Policy Date of this policy. The new policy may include a rider providing accidental death or waiver of premium benefits only if:
1. the benefit would be available at the Insured's attained age on the Policy Date of the new policy; and
2. the Insured provides proof of insurability satisfactory to Us.

GSA22

Dated 07/02/2007  09.50.24

0806390319 APP - GARDEN STATE LIFE

nd return this application.
asy payment options (send no money now):
g account. (Enclose a numbered deposit slip or voided check.)

☐ Mastercard

_____

Visa or Mastercard Account Number         Exp Date     Authorization Signature (Required for Options A or B)

C. ☒ Bill Me
Reference No. 610160      -      / W729UMXT -2

| GARDEN STATE LIFE Insurance Company | APPLICATION FOR LIFE INSURANCE | Home Office: League City, TX 77573 |
| --- | --- | --- |

| APPLICANT 1: | APPLICANT 2: |
| --- | --- |

**APPLICANT 1:**

1. Name Preston R Jenkins

Address  12525 S Quinn Dr

City  Alsip          State: IL  Zip: 60803

Home Phone  (708) 388-6642

Work Phone

E-mail Address

Date of Birth  REDACTED    ☐ Female ☒ Male

Social Security #  REDACTED

Place of Birth:  Chgo  IL  U.S. Citizen ☒ Yes ☐ No

If 'No', Do You Have Permanent Resident Status: ☒ Yes ☐ No

2. Plan: Term Life to age 80 (6) with ADB

Amount: ☒ $150,000      ☒ $100,000
☐ $125,000   Other Amount $

Automatic Premium Loan Provision Requested? ☒ Yes ☒ No

3. Type of tobacco product used in the last 12 months:
☐ cigarettes ☐ cigars ☐ pipe ☐ chewing tobacco ☒ none

4. Height:  5 ft. 11 in.  Weight: 167 lbs.

5. Marital Status: ☐ Married ☐ Divorced ☐ Separated
☒ Single ☐ Widowed

6. Income: ☐ Under $10,000  ☒ $10,000-$24,999
☐ $25,000-$49,999 ☐ $50,000-$99,999 ☐ $100,000+

7. Occupation: Sales Rep

8. Beneficiary  Nancy Carson

Relationship  Mother
If no beneficiary survives you or none is named payment
will be made to your estate

9. Will this policy replace any existing life insurance or annuity?
☐ Yes ☒ No  If Yes name of company to be replaced:

Company:

Amount:

**APPLICANT 2:**

1. Name Nancy Carson

Address  12525 S Quinn Dr

City  Alsip          State: IL  Zip  60803

Home Phone  (708) 388-6642

Work Phone

E-mail Address

Date of Birth  REDACTED    ☒ Female ☐ Male

Social Security #  REDACTED

Place of Birth  Chgo  IL  U.S. Citizen ☒ Yes ☐ No

If 'No', Do You Have Permanent Resident Status:  ☒ Yes ☐ No

2. Plan: Term Life to age 80 (6) with ADB

Amount: $ 100,000

Automatic Premium Loan Provision Requested? ☐ Yes ☒ No

3. Type of tobacco product used in the last 12 months:
☐ cigarettes ☐ cigars ☐ pipe ☐ chewing tobacco ☒ none

4. Height:  5 ft.  6 in.  Weight  170 lbs.

5. Marital Status: ☐ Married ☐ Divorced ☐ Separated
☒ Single ☐ Widowed

6. Income: ☐ Under $10,000  ☐ $10,000-$24,999
☒ $25,000-$49,999 ☐ $50,000-$99,999 ☐ $100,000+

7. Occupation  Nurse Asst

8. Beneficiary  Preston Jenkins

Relationship  Son
If no beneficiary survives you or none is named payment
will be made to your estate

9. Will this policy replace any existing life insurance or annuity?
☐ Yes ☒ No  If Yes name of company to be replaced

Company

Amount

| GU040 | PLEASE CONTINUE ON BACK AND SIGN APPLICATION |
| --- | --- |

**Dated 07/02/2007 09.50.24**

10. **Within the past 10 years, have you consulted a physician for, been diagnosed with, or received treatment for:** stroke; TIA; Alzheimer's or other brain, mental or nervous system disorder; heart or circulatory system disease; blood disease (excluding a positive HIV test); cancer (excluding basal and squamous cell skin cancer); chronic kidney liver or lung disease (excluding asthma and bronchitis); alcoholism or alcohol or drug abuse?

Applicant 1: ☒ Yes ☒ No          Applicant 2: ☒ Yes ☐ No

11. **Within the past 10 years, have you been <u>hospitalized as an inpatient</u> for:** chest pain, blood pressure; diabetes; asthma; depression or other mental or nervous disorder; paralysis; seizure; anemia or have you attempted suicide?

Applicant 1: ☒ Yes ☐ No          Applicant 2: ☒ Yes ☒ No

12. **Within the past 5 years, have you:** been convicted of a felony; had a driver's license suspended or revoked; or been charged with 3 or more moving violations?

Applicant 1: ☒ Yes ☐ No          Applicant 2: ☐ Yes ☒ No

13. **Have you ever been diagnosed by a person licensed as a medical doctor as having Acquired Immune Deficiency Syndrome (AIDS) or had positive test results for the AIDS virus?\***

Applicant 1: ☒ Yes ☐ No          Applicant 2: ☒ Yes ☒ No

14. **Other than as in question 11, in the past 2 years, have you been:** disabled or missed 10 or more consecutive days of work due to illness; hospitalized as an inpatient for 2 or more days; advised to have any treatment that has not been performed; or needed help with dressing, eating walking or breathing (including the use of oxygen)?  If "yes", provide details (dates of treatment, test results, diagnoses, medications, etc.):

Applicant 1: ☐ Yes ☒ No          Applicant 2: ☒ Yes ☐ No

Details:                          Details:

15. **Within the past 3 years, have you consulted a physician for, been diagnosed with or received treatment for:** high blood pressure; diabetes; asthma; or chronic bronchitis? If "yes", provide details (dates of treatment, test results, diagnoses, medications, etc.):

Applicant 1: ☒ Yes ☒ No          Applicant 2: ☒ Yes ☒ No

Details:                          Details:

I authorize any medical provider, hospital, clinic, pharmacy, pharmacy benefit manager, laboratory, and the Medical Information Bureau (MIB) to provide to Garden State Life Insurance Company (GSL) or its representative, information on medical advice or treatment provided to me including for Acquired Immune Deficiency Syndrome (AIDS) and Human Immunodeficiency Virus (HIV), for underwriting purposes. I understand that: GSL may disclose such information to MIB, attorneys, and government agencies for purposes of underwriting, compliance, or in response to litigation or subpoenas; after being disclosed, the recipient may redisclose it with loss of protection by federal regulations; this authorization or a copy of it is valid for 24 months from the date below; I may refuse to sign this authorization which will affect my ability to obtain coverage; and I or my representative am entitled to a copy of this authorization and any information obtained under it. I may revoke this authorization, except if GSL has taken an action in reliance on it, by sending written notice to Garden State Life, P. O. Box 9100, League City, Texas 77574. I acknowledge receiving the Exchange of Information Notice and I have read the MIB Pre-Notifications.

I have read the above questions and declare the answers are complete and true to the best of my knowledge and belief. I agree the answers will form a part of the policy. **Subject to all conditions set forth in the policy, the insurance shall not be in force until this application has been approved by the company and the policy issued and delivered to me, and the first premium is paid while I am in the same health condition as described above.**

Signature of Applicant 1: X _Preston Jenkins_          Date X 6/28/07

Signature of Applicant 2: X _Nancy Carson_          Date X 6/28/07

Any person who knowingly and with intent to defraud any insurance company or other person files an application for insurance or statement of claim containing any materially false information or conceals, for the purpose of misleading, information concerning any fact material thereto commits a fraudulent insurance act, which is a crime and may subject such person to criminal and civil penalties. (This notice does not apply to residents of OR or VA)

\*MA residents should not include tests (1) not licensed by the FDA, or (2) obtained at an anonymous test site.

GU040          **IMPORTANT: YOU MUST COMPLETE ALL QUESTIONS AND SIGN ABOVE.**

# GARDEN STATE LIFE
### *Insurance Company*

(A Stock Company)

Administrative Office: 2450 South Shore Blvd., League City, TX 77573

Home Office: League City, TX

# TERM LIFE INSURANCE POLICY

- Face amount payable at Insured's death prior to the Expiry Date.
- Premiums payable during the life of Insured until the Expiry Date.
- Convertible as provided herein.
- Nonparticipating. Dividends are not payable.